IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHESTER LEROY SPAYD, III, | : | NO. 2:07-cv-5297 |
| Petitioner | : | |
| | : | |
| VS. | : | |
| | : | |
| HARRY E. WILSON, | : | |
| AND | : | |
| THE DISTRICT ATTORNEY | : | |
| OF THE COUNTY OF BERKS, | : | |
| AND | : | |
| THE ATTORNEY GENERAL OF | : | |
| THE STATE OF PENNSYLVANIA, | : | |
| Respondents | : | |

REPORT AND RECOMMENDATION

JACOB P. HART                                                                    June 4, 2008
UNITED STATES MAGISTRATE JUDGE

Presently pending before the court is a pro se Petition for Writ of Habeas Corpus filed,

pursuant to 28 U.S.C. § 2254, by a prisoner incarcerated in the State Correctional Institution Fayette

in La Belle, Pennsylvania.  For the reasons which follow, it is recommended that the petition be

dismissed.

I.      PROCEDURAL HISTORY

Petitioner, Chester Leroy Spayd, III, was charged with criminal homicide, murder of the first

degree, two counts of aggravated assault, possessing an instrument of crime, abuse of a corpse, and

recklessly endangering another person.  The Commonwealth also filed a Notice of Intent to Seek

Death Penalty, relying on 42 Pa. C.S.A. §9711 (d)(2), contract killing, as an aggravating

circumstance.  The charges stem from the killing of Kenneth Long, Spayd's mother's live- in

boyfriend, in his home on August 5, 2000.  During the several weeks before the murder Spayd was almost continuously under the influence of beer and crack cocaine.  After repeated demands from his mother, Spayd allegedly struck Long in the back of the head three times with an axe, killing him. His mother then removed money from Long's pants and gave Spayd some of the money.  Spayd, with the assistance of Darrell Pratter, moved Long's body into a vehicle, while his mother blocked them from view.  He drove the body to a deserted location and left it on the side of the road.  On September 19, 2002, the Commonwealth added a count of criminal conspiracy to commit murder in the third degree.  On that same date, Spayd entered an open guilty plea to third degree murder, criminal conspiracy to commit murder and abuse of a corpse.  He also agreed to testify against his mother, Phyllis Spayd, during their consolidated sentencing hearing.  In exchange for his testimony and his written statement implicating his mother as a co-conspirator and "the mastermind of the murder", the Commonwealth withdrew its request for the death penalty.   On October 23, 2002, Spayd was sentenced to 20 to 40 years incarceration for the third degree murder count, 10 to 20 years for criminal conspiracy to be served consecutive to the murder count, and 3 to 24 months on the abuse of a corpse count, for an aggregate term of 30 to 60 years imprisonment.  Spayd filed a motion for reconsideration of his sentence, which the Court denied after a hearing.

On December 6, 2002, Spayd filed an appeal, challenging only the excessiveness of his sentence.  The Superior Court issued an opinion on August 12, 2003, affirming his judgement of sentence.  Spayd did not seek discretionary review from the Pennsylvania Supreme Court.

Spayd filed a pro se petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 et seq. on September 15, 2004.  He again challenged only the excessiveness of his sentence. On January 18, 2005, Spayd's appointed PCRA counsel filed a "no-merit" letter, pursuant

to <u>Commonwealth v. Finley</u>, 379 Pa. Super. 390, 550 A.2d 213 (1988), indicating that after review of the case, the petition was timely, but Spayd's claim was without merit.  The court granted appointed counsel's request to withdraw on January 19, 2005.  On January 31, 2005, the PCRA court filed a Notice of Intent to Dismiss the PCRA petition and on February 22, 2005, after Spayd responded to the Notice of Intent to Dismiss, the Court dismissed the petition.

On June 20, 2006[1], Spayd filed a second <u>pro se</u> PCRA petition, raising claims of ineffective assistance of counsel for threatening him with the death penalty rather than considering other defenses including the development of his psychological condition.  He also raised a claim under <u>Blakely</u>, and argued that his claim was timely as it pertained to new law.  On July 25, 2006, the PCRA court issued a Notice of its Intent to Dismiss the petition as untimely.  Spayd responded to the Notice, but the court dismissed the petition on August 9, 2006.  On August 6, 2007, the Superior Court affirmed, finding the petition untimely, and on November 29, 2007, the Pennsylvania Supreme Court denied review.

Spayd filed the instant <u>pro se</u> habeas petition on December 17, 2007.  He alleges: (1) that there is an exception to the time bar because he learned that "state treatments differ in purpose than those used at guilty plea at the county"; (2) that the new law under <u>Blakely</u> establishes an exception to the time bar and improper facts were used at sentencing; and (3) that his sentences should have merged.  In response, Respondent asserts that the petition is untimely and that his claims are procedurally defaulted.

---

[1]Spayd filed his second PCRA petition on June 20, 2006, but due to an error of the Berks County Clerk's Office, the petition was sent to the wrong judge's chambers and was not sent to Judge Ludgate until July 19, 2006. Judge Ludgate noted the error and counted Spayd's petition as being filed on June 20, 2006.  <u>See</u> Order dated July 25, 2006.

II.     TIMELINESS

Respondent's primary argument is that the petition is untimely and must be dismissed.  Upon

consideration of the record, this Court agrees.

Under the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), enacted April

24, 1996:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

>> (B) the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1) (1996).

The statute, however, also creates a tolling exception, which notes that "[t]he time during

which a properly filed application for state post-conviction or other collateral review with respect

to the pertinent judgment or claim is pending shall not be counted toward any period of limitation

under this subsection." 28 U.S.C. § 2244 (d)(2).  A "properly filed application" is "one submitted

according to the state's procedural requirements, such as the rules governing time and place of

filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998).  Accordingly, "[w]hen a post conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of 28 U.S.C. § 2244(d)(2)."  Pace v. DiGuglielmo, 541 U.S. 408, 125 S. Ct. 1807 (2005) (quotations omitted); see also Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003) (if a petitioner files an out-of-time application and the state court dismisses it as time-barred, then it is not deemed to be a "properly-filed application" for tolling purposes).  To determine whether or not a state PCRA petition is properly filed, "'we must look to state law governing when a petition for collateral relief is properly filed' and 'defer to a state's highest court when it rules on an issue.'"  Merritt, 326 F.3d at 165 (quoting Fahy v. Horn, 240 F.3d 239, 243-244 (3d Cir. 2001)).

In the case at bar, petitioner's conviction became final on September 11, 2003, thirty days after the Superior Court affirmed his judgement of sentence.  See Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) (judgment becomes final at the conclusion of direct review or the expiration of time for filing such review, including the time for filing a petition for writ of certiorari in the United States Supreme Court); Pa. R.A.P. 113(a).  He therefore had one year from that date, or until September 11, 2004, to file a federal petition.  Pursuant to the prisoner mailbox rule, Spayd filed his first PCRA petition on September 10, 2004, just one day before the federal limitations period expired.  He therefore had used 364 days of the federal limitations period prior to the limitations period being tolled.  His PCRA petition was pending until February 22, 2005, giving Spayd until February 23, 2005 to file the instant petition.  His second PCRA petition, did not act to toll the limitations period as it was filed well after the AEDPA limitations period had already expired and was also found to be untimely by the state courts.  Pace v. DiGuglielmo, 125 S. Ct. at 1807; see also Merritt v. Blaine, 326 F.3d at 165-66.  Accordingly, petitioner had until February 22, 2005 to file

a petition for writ of habeas corpus, but failed to do so until December 10, 2007[2], over two years and ten months too late.

Spayd acknowledges that his petition is untimely but argues that he is entitled to "an exception" to the time bar because of his discovery of new facts and new law.  First, Spayd claims that "new facts surfaced through treatment programs within the institution" and that "state treatments differ in purpose than those used at guilty plea at the County."  He does not specify what new facts he has discovered or what significance they have to his claims.  Furthermore, he does not state when he discovered these facts.  Spayd has therefore, failed to demonstrate that he is entitled to an alternate start date as a result of these factual discoveries.

Second, he claims that he is entitled to an "exception" to the time bar because he is asserting a claim under new law, Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004).  Even assuming that the United State Supreme Court's issuance of its decision in Blakely, created an alternate start date for Spayd, his petition would still be untimely.  The decision was issued on June 24, 2004 and Spayd did not file this petition until December 10, 2007.  Furthermore, Spayd's conviction became final on September 11, 2003, well before the Supreme Court issued its decision in Blakely, on June 24, 2004.  Although the Supreme Court has yet to explicitly rule on this issue, each circuit to confront the question – as well as several district courts within the Third Circuit – have found Blakely retroactively inapplicable for defendants whose convictions became final prior to its issuance.  See, e.g., United States v. Price, 400 F.3d 844, 845 (10th Cir. 2005), Varela v. U.S.,

---

[2]An inmate is entitled to the "mailbox rule," which states that a petition is deemed filed when it is delivered to the prison mail room.  Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379 (1988); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998).  Although, this petition was not filed until December 17, 2007, we will give petitioner the benefit of doubt and use the date on the signature line of the petition.

400 F.3d 864, 867 (11th Cir. 2005), Cooper-Smith v. Palmateer, 397 F.3d 1236, 1246 (9th Cir.

2005), Morgan v. Beck, Civ. A. No 04-6963, 2004 WL 2165919, at *1 n.1 (4th Cir. 2004)

(unpublished opinion), United States v. Charles, Civ. A. No. 03-72584, 2005 WL 823869, at *1

(E.D. Pa. 2005), United States v. Wenzel, 359 F. Supp. 2d 403, 414-15 (W.D. Pa. 2005), Chen v.

Apker, Civ. A. No. 05-0385, 2005 WL 1154829, at * 4 (M.D. Pa. 2005).  In addition, the Third

Circuit has held that Blakely/ Booker issues do not have retroactive effect to cases on collateral

review.  Lloyd v. U.S., 407 F.3d 608, 614 (3d Cir. 2005) (holding in a § 2255 that Booker, the case

applying the Blakely rule to the federal guidelines, is not retroactive).  Therefore, Blakely is not

applicable to Spayd's case.

Only one avenue of relief remains for petitioner.  The statute of limitations in the AEDPA

is subject to equitable tolling, which is proper only when the "principles of equity would make [the]

rigid application [of a limitation period] unfair."  Miller v. New Jersey State Dept. of Corrections,

145 F.3d 616, 618 (3d Cir. 1998).  The petitioner "must show that he or she exercised reasonable

diligence in investigating and bringing [the] claims.  Mere excusable neglect is not sufficient."  Id.

at 618-19 (internal quotation omitted).  The Third Circuit has set forth three circumstances

permitting equitable tolling:  (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff

has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has

timely asserted his rights, but has mistakenly done so in the wrong forum. Jones v. Morton, 195 F.3d

153, 159 (3d Cir. 1999).  "In non-capital cases, attorney error, miscalculation, inadequate research,

or other mistakes have not been found to rise to the 'extraordinary' circumstances required for

equitable tolling." Fahy v. Horn, 240 F.3d at 244 (citing cases).  To otherwise apply equity would

"loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of

hardship, and subjective notions of fair accommodation." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Spayd has not demonstrated that he acted with due diligence in bringing his claims. He has not even alleged that he was actively misled by the defendant, that he was prevented from filing this petition, or that he mistakenly filed in the wrong forum. As Spayd has not offered an explanation sufficient to justify equitable tolling[3], we decline to exercise our equitable tolling powers and, thus, dismiss his entire petition as untimely[4].

Therefore, I make the following:

---

[3]Although Spayd references his mental condition as a possible defense that counsel could have considered when discussing his claim of ineffective assistance of trial counsel, he does not allege that any mental infirmity prevented him from filing a timely habeas petition. We acknowledge that equitable tolling may be available in cases of mental incompetence where it is demonstrated that the petitioner is unable to pursue his legal rights, "provided there is a nexus between the petitioner's mental incompetence and [his] inability to file a timely petition." United States v. Harris, 268 F. Supp.2d 500, 506 (E.D. Pa. 2003) (Dalzell, J.). However, Spayd has not made this argument. In fact, both of his PCRA petitions and the instant habeas petition were filed pro se. Furthermore, Spayd's claims are also procedurally defaulted. Therefore, even if Spayd made such an allegation, there is no need to appoint counsel and hold an evidentiary hearing to determine if petitioner can make that requisite showing, since any allegations of mental infirmity, even if proven, are not sufficient to establish the requisite "cause" to excuse the default. See Hull v. Freeman, 991 F.2d at 91; Graham v. Kyler, 2004 WL 875507.

[4]As Respondent notes, in addition to being untimely, Spayd's claims are unexhausted as they have not been properly presented to the state courts. As his time for exhausting the claims has lapsed, the claims are procedurally defaulted. See Coleman v. Thompson, 501 U.S. 722, 735 n.1, 111 S. Ct. 2546, 2557 (1991). Petitioner has not demonstrated cause and prejudice or actual innocence to excuse the default. We therefore find that Spayd's claims are procedurally defaulted and could also be dismissed on this basis.

RECOMMENDATION

AND NOW, this 4th day of June, 2008, IT IS RESPECTFULLY RECOMMENDED that the

Petition for Writ of Habeas Corpus be DISMISSED.  There is no probable cause to issue a certificate

of appealability.

BY THE COURT:


/s/Jacob P. Hart

_____

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| CHESTER LEROY SPAYD, III, | : | NO. 2:07-cv-5297 |
| Petitioner | : | |
| | : | |
| VS. | : | |
| | : | |
| HARRY E. WILSON, | : | |
| AND | : | |
| THE DISTRICT ATTORNEY | : | |
| OF THE COUNTY OF BERKS, | : | |
| AND | : | |
| THE ATTORNEY GENERAL OF | : | |
| THE STATE OF PENNSYLVANIA, | : | |
| Respondents | : | |

## **O R D E R**

HARVEY BARTLE, III, C.J.


AND NOW, this                    day of                         , 2008, upon careful and

independent consideration of the petition for writ of habeas corpus, and after review of the Report

and Recommendation of United States Magistrate Judge Jacob P. Hart, IT IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The petition for a writ of habeas corpus is DISMISSED.

3. There is no basis for the issuance of a certificate of appealability.

BY THE COURT:


_____

HARVEY BARTLE, III, C.J.